UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LANDMARK CAPITAL
INVESTMENTS, INC.,

**Plaintiff,**

v.                    4:11-cv-291

SAVANNAH NEPHROLOGY,

**Defendant,**

v.

CAHABA GOVERNMENT BENEFIT ADMINISTRATOR, LLC,

**Garnishee.**

## ORDER

### I. INTRODUCTION

Before the Court is Defendant Savannah Nephrology's motion to dismiss. *See* Doc. 9.

### II. BACKGROUND

Plaintiff Landmark Capital Investments, Inc. ("LCI") filed this garnishment action on August 11, 2011, in the Northern District of Georgia seeking garnishment for a $383,655.53 judgment in favor of LCI. *See* Doc. 1. Defendant Savannah Nephrology, a professional corporation organized under Georgia law, Doc. 1-3 at 1, filed a traverse, alleging that Georgia's post-judgment garnishment procedure is unconstitutional. Doc. 2; *see also* Doc. 10-1 at 1. Upon a motion by LCI, the case was transferred to this Court. *See* Docs. 3; 4; 5.

The Court ordered further briefing in the case, and Savannah Nephrology responded on April 17, 2012 with its motion to dismiss. *See* Docs. 8; 9; *see also* Doc. 10.

The Court, however, has determined after inquiry and review of the record that the Garnishee, Cahaba Government Benefit Administrator, LLC ("Cahaba"), has not been served with LCI's affidavit or the summons of garnishment.

### III. ANALYSIS

"A post-judgment garnishment action is between the plaintiff and the garnishee and the latter must be served with the summons of garnishment." *Cook v. NC Two, L.P.*, 289 Ga. 462, 463 (2011) (citing O.C.G.A. § 18-4-62 (2010)); *see also* O.C.G.A. § 18-4-93 ("A garnishment proceeding is an action between the plaintiff and the garnishee[.]"). A judgment debtor, such as Savannah Nephrology, is not initially a party to the garnishment action. *Cook*, 289 Ga. at 463. Nevertheless, the judgment debtor must "be given notice of the filing of the first summons of garnishment . . . ." O.C.G.A. § 18-4-64(a). "[P]roviding notice to the defendant is an essential element for due process." *TBF Fin., LLC v. Houston*, 298 Ga. App. 657, 659 (2009). The judgment debtor may then become a party to the garnishment proceeding by filing a traverse to the plaintiff's affidavit. *See* O.C.G.A. § 18-4-93. Savannah Nephrology became a party when it filed its traverse. *See* Doc. 2.

Cahaba, however, has never been made a party to this garnishment action. *See Houston*, 298 Ga. App. at 658 ("[T]he garnishee becomes a party to the action when service is accomplished . . . ."); *see*

also *De Jarnette Supply Co. v. F.P. Plaza, Inc.*, 229 Ga. 625, 625 (1972) ("Where there has been no legal service . . . the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction.").

After LCI filed its affidavit in the Northern District of Georgia, the affidavit should have been approved and the clerk subsequently should have issued the summons of garnishment. *See* 5 GA. PROC. VERDICT AND JUDGMENTS §§ 9:158, 9:160 (2012); O.C.G.A. § 18-4-61. The record does not indicate, nor have the parties suggested, that the affidavit was approved and a summons issued before this action was transferred to this Court.

Accordingly, LCI should amend the affidavit and summons originally submitted and file them with this Court.[1] *See* Docs. 1; 1-1; Fed. R. Civ. P. 15(b) (noting that courts should freely give leave to amend pleadings); *Concert Promotions, Inc. v. Haas & Dodd, Inc.*, 169 Ga. App. 711, 712 (1984) (stating that an affidavit for garnishment may be amended like any other pleading); *see also* O.C.G.A. § 18-4-66 (demonstrating the standard forms for affidavits and summons in garnishment actions under Georgia law). Cahaba also needs to be served with the summons of garnishment. *See* O.C.G.A. § 18-4-62(a).

The Court therefore *DISMISSES WITHOUT PREJUDICE* Savannah Nephrology's motion to dismiss. *See* Doc. 9. Savannah Nephrology may renew or refile its motion subsequent to LCI's filing an amended affidavit and summons.

Moreover, Savannah Nephrology's renewed traverse or motion to dismiss will not relieve Cahaba of the obligation to file an answer unless Savannah Nephrology files with the clerk of this Court a bond in favor of LCI. *See* O.C.G.A. § 18-4-81 (requiring the clerk of court to release a summons of garnishment upon the judgment defendant's posting of bond). After Cahaba files its answer, the Court will adjudicate Savannah Nephrology's renewed motion to dismiss. *See id.* § 18-4-88; *see also id.* § 18-4-93 ("[A] hearing shall be available to the defendant as a matter of right after filing his traverse."); *A.M. Buckler & Assocs., Inc. v. Sanders*, 305 Ga. App. 704, 705 (2010) ("If a defendant . . . files a traverse or adverse claim in a garnishment proceeding, the trial court must conduct an evidentiary hearing to determine the rights of the parties to the money or other property or other property at issue.").

IV. **CONCLUSION**

Savannah Nephrology's motion to dismiss is *DISMISSED WITHOUT PREJUDICE*. *See* Doc. 9. Savannah Nephrology may renew or refile its motion subsequent to LCI's filing an amended affidavit and summons.

This 4th day of September 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In particular, the amended affidavit and summons should reflect that the garnishment action is now in the Southern District of Georgia.